HenRY Gr. Smith, J.,
delivered the opinion of the Court.
*461 Assumpsit by the Bank of Louisville, against Currier; general issue; verdict and judgment for the Bank; appeal in error, to this Court.
The facts material to the result here, are: Yandyke drew his bill of exchange on himself, in favor of Currier, who indorsed it for the accommodation of Yandyke, who sold it to the Bank of .Louisville. Yandyke accepted it, payable at the mercantilé house of Given, Watts & Co., at New Orleans. Vandyke furnished Given, Watts & Co. with the funds wherewith to pay the draft at maturity, and instructed them to apply them to that purpose. Given, Watts & Co. declined to so apply the funds, but applied them to the payment of other bills of Vandyke, upon which they were parties.
Upon the trial, the parties in the action appear to have deemed it a fact material to the result, whether or not Given, Watts & Co. were the agents in New Orleans, of the Bank for the collection of the bill, and as such agents, had it in hand at or about the time of its maturity, and while they had in hand the funds furnished by Yandyke to provide for the payment of the bill.
The plaintiff proposed to give in evidence, the deposition of two of the partners of the firm of Given, Watts & Co., to prove that the house was not the agents of the Bank, having the draft for collection, and other facts tending to show their authority to apply the funds furnished by Yandyke to the payment of the other bills. To the admission of evidence of the witness so proposed, the defendant objected. Thereupon, *462 the plaintiff put in evidence, a release in -writing, executed by the President and Cashier of the Bank, purporting to discharge the witnesses, and Given, Watts & Co., from liability to the Bank on account of the transaction. The instrument of release, was without the seal attached of the Bank, which was a corporate body. The defendant objected, that the writing had no effect to release the witnesses from liability, by reason of being without seal; and further, because it was not the act of the Bank, unless authenticated by the corporate seal.
Other testimony was before the Court, to the point whether Given, Watts & Co., were or not the agents of the Bank. Two witnesses on the part of the defendant, Currier, gave evidence tending to show that Given, Watts & Co. were sub-agents; and two witnesses on the part of the plaintiff, testified that the house were not such agents. The Circuit Court permitted the testimony of the two members of- the house objected to by the defendant, to go to the jury; and this was assigned for error.
The admissibility of the testimony of a witness objected to on account of interest, is generally a question to the Court. It is a question for the Court to decide, whether the testimony shall be permitted to go to the jury or not.
There are two modes of ascertaining whether or not the witness has a disqualifying interest. One mode is, by the examination of the proposed witness on his voir dire, by the party making the objection. The other mode is, by evidence aliunde. Whichever mode *463 is adopted, tbe question of admissibility is still a question to tbe Court to decide.
In the present case, tbe objecting party resorted to evidence aliunde, to establish tbe disqualifying interest of tbe proposed witness. Tbe evidence to this point found in tbe record, is variant; some favoring the assumption that Given, Watts & Co. were tbe agents of tbe Bank, as alleged; and other and more weighty, favoring tbe contrary assumption. Upon this mass of evidence, it was tbe province of tbe Circuit Judge, to determine which assumption was true, and to admit or exclude tbe proposed witnesses, as bis judgment settled to tbe one or tbe other.
The Circuit Judge admitted tbe witnesses, and allowed their testimony to go to tbe jury. And we think bis decision correct. Tbe preponderance of tbe evidence proper to be considered, with reference to the question in band, is against tbe assumption of the defendant, that Given, Watts & Co. were tbe agents of tbe Bank, and, therefore, clad with a disqualifying interest. In this aspect of tbe case, it was, therefore, proper to admit tbe testimony to go to tbe jury.
Tbe Circuit Judge might, bad he thought proper so to do, with a view to determine tbe admissibility of tbe testimony, have submitted to tbe jury, tbe question of fact, as to whether the proof and witnesses bad an interest or not. In determining tbe question of interest, where the evidence is derived aliunde, and it depends upon tbe decision of intricate questions of fact, the Judge may, in bis discretion, take the opinion of tbe jury upon them: 1 Green. Ev., sec. 425.
*464 It seems, however, that the Circuit Judge put his action admitting the testimony, upon the efficacy of the release. And the plaintiff in error insists, that such effect could not properly be given to the release, for the double reason, that it was without seal, and that it could not be deemed the act of the Bank, unless authenticated by the corporate seal.
It is not necessary now to settle the question thus raised. The testimony thus permitted to go to the jury, was properly admissible upon the evidence aliunde as to the agency. The Circuit Judge decided rightly. Whether the reasons which induced him so to decide, were the proper reasons, is a matter of no consequence. The record discloses abundant good reasons for admitting the testimony, and that is enough. We cannot reverse the rightful action of the Judge, because he so acted for bad reasons.
One of the members of the firm of Given, Watts & Co., was a Director of the Bank at the time of these transactions. The counsel for Currier requested the Circuit Judge to instruct the jury that notice to a Director was notice to the Bank. In some cases, this is so. Here, however, it is not obvious how such notice could properly vary the result. And the refusal of the Judge to make the charge requested, is not error.
Affirm the judgment.